IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:24-cv-01122

| | |
|---|---|
| STASH WEALTH, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ARCH INSURANCE COMPANY, <br><br> Defendant. | NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. § 1446, Defendant Arch Insurance Company ("Defendant") removes this matter to the U.S. District Court for the Western District of North Carolina.

## GROUNDS FOR REMOVAL

1. Defendant is a party to a civil action in the Mecklenburg County Superior Court entitled "*Stash Wealth, LLC v. Arch Insurance Company*," No. 24-CV-041204-590, which was commenced by the filing of the underlying state court summons and complaint on September 5, 2024.

2. This petition for removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3) and (c)(3)(A) in that it is filed within thirty (30) days of the date on which Defendant received documents from which Defendant first ascertained that the case is removable, as explained in further detail herein.

3. Upon information and belief, Plaintiff Stash Wealth, LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business in Charlotte, North Carolina. (*See* **Exhibit A**, Complaint, ¶ 1).

1

4. Defendant is an insurance company organized and existing under the laws of the State of Missouri with a principal place of business in Jersey City, New Jersey.

5. Upon information and belief, Plaintiff has no members who are citizens of the State of Missouri or the State of New Jersey. A copy of Plaintiff's most recent annual report on file with the North Carolina Secretary of State is attached as **Exhibit B**.

6. Accordingly, upon information and belief, the citizenship of the parties is fully and completely diverse.

7. Further, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. In support of this statement, Defendant shows unto the Court as follows:

   a. Plaintiff filed this action for breach of contract, alleging that Defendant breached its obligations under an insurance policy by denying coverage for claims related to and arising out of the actions alleged in the underlying lawsuit captioned "*Sergio O'Connor and Erica Simone O'Connor v. Stash Wealth, LLC; Fusion IQ; and Apex Fintech Solutions, LLC*," and currently pending in the Superior Court for Plymouth County, Massachusetts ("Underlying Lawsuit").

   b. By way of background, Sergio O'Connor and Erica Simone O'Connor ("Claimants") filed the Underlying Lawsuit on June 6, 2024, against Plaintiff and two other defendants. The Underlying Lawsuit is an action to recover $193,000.00 allegedly stolen from Claimants' account held with Plaintiff. In the Underlying Lawsuit, Claimants allege four causes of action against Plaintiff: (1) Violation of the Massachusetts Consumer Protection Statute,

M.G.L c. 93A, § 9; (2) Negligence; (3) Breach of Contract; and (4) Breach of Fiduciary Duty.

c. In the instant action, Plaintiff alleges that the insurance policy at issue requires Defendant to defend Plaintiff in the Underlying Lawsuit and that Defendant's refusal to do so constitutes a material breach of the policy. (**Exhibit A**, Complaint, ¶¶ 23-24). Plaintiff further alleges that it has incurred approximately $14,000 in unreimbursed attorneys' fees and other defense costs and continues to incur such costs. (*Id.* at ¶ 25). Plaintiff also alleges that "[t]he amount in controversy does not exceed $75,000." (*Id.*).[1] However, Plaintiff contends that it is entitled to recover from Defendant "all past and future defense costs related to the Claim, in an amount to be proven at trial, plus prejudgment interest from the date of the initial breach of contract at the statutory annual rate of 8%." (*Id.* at ¶ 26).

d. On November 11, 2024, Defendant answered Plaintiff's Complaint and asserted a counterclaim for declaratory judgment, alleging that it has no duty to defend or indemnify Plaintiff for the claims alleged in the Underlying Lawsuit. (*See* **Exhibit A**, Counterclaim).

e. On November 25, 2024, Plaintiff replied to Defendant's counterclaim. (*See* **Exhibit A**, Reply to Counterclaim). In so doing, Plaintiff admitted that the Underlying Lawsuit seeks to recover $193,000. (*See id.* at ¶¶ 8-9).

---

[1] Plaintiff appears to specifically plead its allegations in a way designed to thwart removal. (*See* **Exhibit A**, Complaint, ¶¶ 13, 25).

f. On November 27, 2024, Plaintiff served its Answers to Defendant's First Set of Requests for Admission, at which time it first became apparent to Defendant that the amount in controversy in this action exceeds $75,000. (*See* **Exhibit C**).

g. Specifically, Plaintiff declined to admit that Defendant has no duty to indemnify Plaintiff with respect to the claims in the Underlying Lawsuit, or that it will not claim at a future date that Defendant has a duty to indemnify Plaintiff with respect to the claims in the Underlying Lawsuit. (*See id.* at ¶¶ 8-9). Plaintiff also admitted that the policy limits of the insurance policy at issue, as well as the Claimants' claim in the Underlying Lawsuit, each exceed $75,000. (*See id.* at ¶¶ 10-11). Further, Plaintiff declined to admit that it will not seek damages in excess of $74,999.99, stating, "It is possible, but unlikely, that Plaintiff's damages based on Defendant's breach of its duty to defend could later reach $75,000, based on ongoing defense costs incurred by Plaintiff in the lawsuit identified in paragraph 18 of the Complaint . . . ." (*See id.* at ¶ 3). Plaintiff further declined to admit that it will not seek a judgment in an amount that exceeds $74,999.99. (*See id.* at ¶ 5). In addition, Plaintiff indicated that if it obtains a judgment in an amount that exceeds $74,999.99, it will seek to enforce it. (*See id.* at ¶ 6).[2]

h. Courts have held that the potential cost of indemnity should be counted toward the amount in controversy, regardless of whether a determination on duty to

---

[2] Plaintiff generally stated, "Plaintiff admits that its Complaint herein accurately states Plaintiff's only claim at this time, that Defendant breached its duty to defend Plaintiff in the Lawsuit. Any duty to indemnify would be determined by the evidence, findings of fact and conclusions of law in the Lawsuit." (*See id.* at ¶ 7).

indemnify should be deferred until the underlying case is concluded. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 539 (7th Cir. 2006) ("[Insurer's] potential obligation to indemnify [Insured] was in controversy from the moment this suit began and could have been resolved while the state suit was ongoing. Because the duty to defend extends to many suits in which there will be no duty to indemnify . . . a declaratory judgment that the insurer need not defend means that it need not indemnify either . . . . Had the district court concluded, as [Insurer] maintained, that the insurance does not cover [Claimant's] allegations, it would have prevailed on defense and indemnity at a stroke. No more is needed to show that the value of indemnity was 'in controversy' on the date this federal case began.").

i. Because the amount in controversy in the Underlying Lawsuit exceeds $75,000, the amount in controversy in this matter also exceeds $75,000. *See Toler v. State Farm Mut. Auto. Ins. Co.*, 25 F. App'x 141, 143 (4th Cir. 2001) ("When a plaintiff seeks declaratory relief, the amount in controversy for purposes of section 1332 is the 'value of the object of the litigation.'") (quoting *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L.Ed.2d 383 (1977)). *See also Prince George Par. of Prince George Winyah v. GuideOne Mut. Ins. Co.*, No. 2:19-CV-1302-RMG, 2019 WL 7461662, at *2 (D.S.C. Nov. 26, 2019) (noting that in a case claiming a duty to defend, "the amount in controversy includes the amount at issue in the underlying action and the cost of the defense in the underlying action). As

5
Case 3:24-cv-01122   Document 1   Filed 12/24/24   Page 5 of 7

noted, the Underlying Lawsuit is an action to recover $193,000.00. Therefore, Defendant's potential indemnity obligation exceeds $75,000.

j. Even if Defendant's potential indemnity obligation is not considered, Defendant's potential defense obligation likely exceeds $75,000.

k. As noted, the Underlying Lawsuit is an action to recover $193,000.00 allegedly stolen from Claimants' account held with Plaintiff. Specifically, Claimants allege that an unidentified thief sent an email posing as an employee of Plaintiff and changing certain wiring instructions, resulting in the fraudulent transfer of the funds at issue. The defense of these claims will likely involve the use of technology experts in addition to ordinary defense costs, which alone may exceed $75,000 through trial.

l. In sum, Defendant's potential indemnity obligation, which certainly exceeds $75,000, should be considered in determining the amount in controversy. However, even if it is not, Defendant's potential defense obligation is likely to exceed $75,000.

8. Accordingly, the amount in controversy requirement is met.

9. The U.S. District Court for the Western District of North Carolina has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among all properly joined parties, and the amount in controversy in this civil action, exclusive of interest and costs, exceeds the sum of $75,000.00.

10. Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings, and orders received by the removing Defendant is attached as **Exhibit A**.

11. Plaintiff's Answers to Defendant's First Set of Requests for Admission are attached as **Exhibit C**.

12. Defendant submits this Notice of Removal without waiving any defense to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

## CONCLUSION

Defendant Arch Insurance Company prays that the above case now pending against it in the Mecklenburg County Superior Court be removed therefrom to this Court.

Respectfully Submitted,

*/s/ James M. Dedman, IV*
*/s/ Emily E. Seaton*
James M. Dedman, IV (N.C. Bar No. 37415)
Emily E. Seaton (N.C. Bar No. 55392)
GALLIVAN, WHITE & BOYD, P.A.
6805 Carnegie Blvd., Suite 200
Charlotte, NC 28211
704-552-1712
jdedman@gwblawfirm.com
eseaton@gwblawfirm.com

*Attorneys for Defendant Arch Insurance Company*